## Case No. 2,809.

### In re CLARK et al.

[6 N. B. R. 204.][1]

District Court, S. D. New York. Nov. 23, 1871.

ORDER BY REGISTER IN BANKRUPTCY OF PAYMENT OF ACCOUNTS.

When the register gave notice at the second meeting of creditors called only under the twenty-seventh section of the act [14 Stat. 530], that the accounts of the assignee filed at such meeting would not be audited or passed at such meeting, as no notice of such auditing or passing had been given to creditors, and as the amounts had not been on file ten days, as required by the twenty-eighth section of the act, *Held*, on an application by the assignee to the district judge to compel the register to order the payment of such accounts, that the register was right in refusing to make such order.

[On certificate of I. T. Williams, Register:] I, the undersigned register in charge of this matter, do hereby certify and report, that a petition was filed with me on the twentieth day of November inst., by the assignee in these proceedings, John S. Beecher, Esq., reciting that on the twenty-ninth day of March, eighteen hundred and seventy-one, a second general meeting of the creditors of the said bankrupts was held before me, at which time the said assignee filed a report and an account; that at said meeting no objection was made to the said accounts or any item therein, and that at the said meeting a dividend of six per cent. was declared and ordered to be paid; that no order has been made auditing or passing said accounts, or determining or adjusting the balance of money with which the assignee was then chargeable and applying to the register in charge to make an order: "First. That the said credit be allowed and the amount of the balance of money with which the said assignee is chargeable, after allowing him the said credits claimed by him, is fixed, determined and adjusted, at the sum of nineteen thousand three hundred and ninety-nine dollars and sixty-six cents, and the said account is

---

[1] [Reprinted by permission.]

audited and passed accordingly. Second. A dividend of six per cent. having been duly ordered to be paid by the creditors present at said meeting, it is further ordered that the same be paid by means of checks, to be countersigned by the said register, pursuant to a dividend list (form thirty-eight,) to be furnished to the assignee by the register." The said petition further prays that if the register refuse to grant said application or decide not to grant the same, that then the petitioner, upon said application and upon said accounts to said petition annexed, raised the point that it is by law the duty of the register to grant said application, and requests the register to certify to the court the point so raised.

I, the said register, having decided not to grant said application, do, pursuant to said request, now certify: That the said second meeting so above referred to, was ordered under the provisions of the twenty-seventh section of the bankrupt act, and not under the twenty-eighth; that the notice of said meeting given to creditors was as follows: "This is to give notice that the second general meeting of the creditors of said bankrupts will be held at 27 Chambers street, in the city of New York, on the twenty-ninth day of March, eighteen hundred and seventy-one, at one o'clock p. m., at the office of and before Isaiah T. Williams, Esq., register in bankruptcy, pursuant to an order made by said register, for the purposes named in the twenty-seventh section of the bankrupt act of March, eighteen hundred and sixty-seven;" that no other or different notice was given to said creditors of said meeting; that at said meeting the said assignee presented his accounts for the first time; that the register took said accounts and stated to the meeting in substance that the said accounts would then be filed and that they could be examined thereafter by any creditors who desired to examine the same, and that they would not be audited or passed until the final meeting of creditors, and thereupon made an entry to that effect, to which ruling no one then and there in anywise objected; that said accounts were not nor were any or either of them examined by the register or by any creditors to his knowledge; that the same were then filed in the office of the register where they have ever since remained, and have since that time been examined by several of the creditors, most of whom, so far as the knowledge of the register extends, have objected to the same; that on the nineteenth day of October, ult., written objections and a protest against said claims were filed with me. And I further certify that it has always been and is now the uniform practice, where it is proposed to ask to have the accounts of the assignee audited and passed, to order the meeting under the twenty-eighth section of the act, and to require the assignee to file his accounts before such meeting is ordered, and then

under the order for such meeting to give notice to the creditors ten days before such meeting that such accounts have been filed with the register, and that the assignee will apply at such meeting for a settlement of the same under the twenty-eighth section of the act. And I further certify, that in my opinion, the order asked for in said petition would have the effect to mislead and betray the said creditors touching their rights, and in my judgment would be a violation of the letter and spirit of the provisions of the bankrupt act in such case made. But I forbear to enter further into the discussion of the case, deeming it unnecessary to do so and for the further reason that I am informed that should the court desire to hear an argument upon the questions now raised, Mr. L. R. Marsh, of counsel for the Continental Bank, Mr. E. L. Fancher, of counsel for the Ocean Bank, and divers other creditors by their respective counsel, will submit either oral arguments or written points.

BLATCHFORD, District Judge. In view of the statements made by the register to the second meeting of creditors, I think he is correct in refusing to make the order applied for so far as the first direction therein is concerned. As to the second direction, I understand the certificate as not applying to it.